FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y

★   MAY 08 2014   ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
LAKARAM DAS,

                Plaintiff,

-against-

DUANE READE,

                Defendant.
----------------------------------------------------------X
LAKARAM DAS,

                Plaintiff,

-against-

DUANE READE, RAMANAN ACHARRYA,

                Defendants.
----------------------------------------------------------X

MEMORANDUM & ORDER
14-CV-1717(SJF)(WDW)

14-CV-2059(SJF)(WDW)

FEUERSTEIN, District Judge:

On March 10, 2014, *pro se* plaintiff Lakaram Das ("plaintiff") filed a complaint in this Court pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), as codified, 42 U.S.C. §§ 2000e to 2000e-17, and the Age Discrimination in Employment Act of 1967 ("ADEA"), as codified, 29 U.S.C. §§ 621-634, against his former employer, Duane Reade, which was assigned docket number 14-cv-1717 ("the first action"). On March 25, 2014, plaintiff filed a second complaint against Duane Reade and another defendant, Ramanan Acharrya ("Acharrya"),[1] which was assigned docket number 14-cv- 2059 ("the second action"). Thereafter, plaintiff filed an application to proceed *in forma pauperis* in the first action.

---

[1] Accharrya is alleged to have been a co-worker with plaintiff during plaintiff's employment with Duane Reade. (*See* attachment to plaintiff's complaint in the second action at 5 [docket entry no. 1]).

1

Since plaintiff's financial status, as set forth in his declaration in support of his application to proceed *in forma pauperis*, qualifies him to commence these actions without prepayment of the filing fee, see 28 U.S.C. §§ 1914(a) and 1915(a)(1), his application to proceed *in forma pauperis* is granted. However, for the reasons set forth below, plaintiff's first and second actions are consolidated for all purposes; plaintiff's federal discrimination claims are dismissed in their entirety pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim for relief; and any state law claims are dismissed in their entirety pursuant to 28 U.S.C. § 1367(c)(3).

I. Background

A. The First Action

The complaint in the first action alleges that Duane Reade violated Title VII and the ADEA by terminating his employment and subjecting him to sexual harassment based upon his race, which he designates as West Indian; his color, which he designates as "brown;" his religion, which he designates as "Arya san mage [sic];"[2] his national origin, which he designates as "Guyana;" and his age[3]. (Complaint in the first action ["First Compl."], ¶ 7). However, plaintiff did not complete, *inter alia*, the section of the complaint asking for a description of the facts of the case. (See First Compl. ¶ 8).

---

[2] The Court presumes that plaintiff refers to Arya Samaj, a Hindu reform movement.

[3] Plaintiff inconsistently indicates: (1) that he was born in 1949; and (2) that he is less than forty (40) years old. (First Compl., ¶ 7). If plaintiff is under the age of forty (40) years, he cannot state a claim under the ADEA because "[t]he class protected by [the ADEA] is limited to persons 40 years of age or older." Woodman v. WWOR-TV, Inc., 411 F.3d 69, 76 (2d Cir. 2005); see 29 U.S.C. § 631(a).

### B. The Second Action

The complaint in the second action does not indicate, *inter alia*: (1) the basis for this Court's jurisdiction, i.e., whether jurisdiction is based upon this Court's federal question jurisdiction under 28 U.S.C. § 1331 or diversity of citizenship jurisdiction under 28 U.S.C. § 1332(a); (2) any federal law allegedly violated by Duane Reade or Acharrya (collectively, "defendants"); or (3) the states of the parties' citizenship. Plaintiff only alleges: (1) that the events giving rise to his claim occurred at the "Duane Reade Warehouse[,] 4702 5th Street[,] Long Island City[,] NY[;]" (2) that "all info by labor Department[;]" and (3) that he is seeking "money for compensation because of pain and suffering." (Complaint in the second action ["Second Compl."], ¶¶ III and V). However, plaintiff annexed to the complaint in the second action the following statement of his claim against defendants:

> "Berkowitz, David
> saw him on 4/23/13
> All [m]y coworkers did the same thing. All [a]llegations were
> made. I want the video [c]amera and names.
>
> I Lakeram Das, used to work for Duane Reade as a delivery helper.
> While stocking merchandise, my co-worker stepped behind me as I
> was bending down and grabbed my privates. When I complained to
> Lou and other supervisors, they did not do anything to help the
> situation. On a second occasion, I was working in the warehouse.
> People were attemting [sic] to walk across the warehouse, so I
> stopped my machine to let them pass. At this point, the same man
> as the first incident, a man named Ramanan Acharrya, he attempted
> to grab my privates again, and I ran away. When I complained to
> the supervisor, Ramanan lied and said I attempted to run him over,
> and I was fired. When I asked to view video of the incident, I was
> denied.
>
> On June 24th, I was singing at a Religious gathering. Ramanan
> approached me again and attempted to grab me, and I decided I
> [n]eeded to make a formal complaint."

(Second Complaint, at 5).

3

II.  Discussion

   A.  Consolidation of the Complaints

Under Rule 42(a) of the Federal Rules of Civil Procedure, "[i]f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a). Pursuant to Rule 42(a), courts are empowered to consolidate actions involving common questions of law or fact "to avoid unnecessary costs or delay," Johnson v. Celotex Corp., 899 F.2d 1281, 1284 (2d Cir. 1990), and to "expedite trial and eliminate unnecessary repetition and confusion," Devlin v. Transportation Communications International Union, 175 F.3d 121, 130 (2d Cir. 1999) (internal citations omitted).

"'[I]n assessing whether consolidation is appropriate in given circumstances,' a court 'should consider both equity and judicial economy.'" Chem One, Ltd. v. M/V RICKMERS GENOA, 660 F.3d 626, 642 (2d Cir. 2011) (quoting Devlin, 175 F.3d at 130). "However, 'efficiency cannot be permitted to prevail at the expense of justice– consolidation should be considered when savings of expense and gains of efficiency can be accomplished without sacrifice of justice.'" Id. (quoting Devlin, 175 F.3d at 130) (emphasis omitted); see also Johnson, 899 F.2d at 1285 ("Considerations of convenience and economy must yield to a paramount concern for a fair and impartial trial.") "The trial court has broad discretion to determine whether consolidation is appropriate." Johnson, 899 F.2d at 1284-85.

Since the two (2) complaints filed by plaintiff both relate to the termination of his employment with Duane Reade and the purported sexual harassment to which he was subjected while he was employed at Duane Reade, the interests of convenience and judicial economy are best served by consolidating them. Accordingly, the complaints are *sua sponte* consolidated

pursuant to Rule 42(a) of the Federal Rules of Civil Procedure to proceed under the lead case, docket number 14-cv-1717. The Clerk of the Court is directed to: (1) consolidate the two (2) actions in accordance with this Order; and (2) administratively close the second action under docket number 14-cv-2059.

B. Standard of Review

Under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

It is axiomatic that district courts are required to read *pro se* complaints liberally, Erickson v. Pardus, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) (citation omitted), and to construe them "to raise the strongest arguments that they suggest." Gerstenbluth v. Credit Suisse Securities (USA) LLC, 728 F.3d 139, 142-43 (2d Cir. 2013) (quotations and citations omitted). Moreover, at the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. Kiobel v. Royal Dutch Petroleum Co., 621 F.3d 111, 124 (2d Cir. 2010), aff'd — U.S. —, 133 S. Ct. 1659, 185 L. Ed. 2d 671 (2013) (citing Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)).

Nevertheless, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

5

misconduct alleged." Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949 (citations omitted).

While the plausibility standard "does not require detailed factual allegations," it "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678, 129 S. Ct. 1937. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. (quoting Twombly, 550 U.S. at 555, 127 S. Ct. 1955). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 557, 127 S. Ct. 1937); accord Pension Benefit Guar. Corp. ex rel. Saint Vincent Catholic Med. Ctr. Ret. Plan v. Morgan Stanley Inv. Mgmt. Inc., 712 F.3d 705, 717 (2d Cir. 2013).

### C. Federal Employment Discrimination Statutes

#### 1. Federal Discrimination Claims against Duane Reade

Title VII of the Civil Rights Act of 1964 ("Title VII") prohibits an employer from discriminating against any individual with respect to "compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex or national origin." 42 U.S.C. § 2000e-2(a)(1). The Age Discrimination in Employment Act ("ADEA") prohibits an employer from discriminating against any individual with respect to "compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1).

"The *sine qua non* of a * * * discriminatory action claim under Title VII [or the ADEA] is that the discrimination must be *because of* [a protected characteristic]." Patane v. Clark, 508 F.3d 106, 112 (2d Cir. 2007) (emphasis in original) (quotations and citation omitted); see also Ricci v. DeStefano, 557 U.S. 557, 577, 129 S. Ct. 2658, 174 L. Ed. 2d 490 (2009) ("A disparate-

6

treatment plaintiff must establish that the defendant had a discriminatory intent or motive for taking a job related action." (quotations and citation omitted)); Kentucky Retirement Systems v. EEOC, 554 U.S. 135, 141, 128 S. Ct. 2361, 171 L. Ed. 2d 322 (2008) ("[W]here * * * a plaintiff claims age-related 'disparate treatment' * * * the plaintiff must prove that age *actually motivated* the employer's decision." (emphasis in original) (quotations and citation omitted)). "It is axiomatic that mistreatment at work . . . is actionable under Title VII [or the ADEA] only when it occurs because of an employee's * * * protected characteristic." Patane, 508 F.3d at 112 (quoting Brown v. Henderson, 257 F.3d 246, 252 (2d Cir. 2001)); see also Rivera v. Rochester Genesee Regional Transp. Authority, 743 F.3d 11, 20 (2d Cir. 2014) (accord); Baur v. Rosenberg, Minc, Falkoff & Wolff, No. 07 Civ. 8835, 2008 WL 5110976, at * 5 (S.D.N.Y. Dec. 2, 2008) ("The ADEA is not violated simply because an employer misjudges the quality of its employee or an employee feels misunderstood.") Although plaintiff is not required "to plead specific facts to show a *prima facie* case of discrimination * * * dismissal is nevertheless appropriate where the plaintiff failed to allege even the basic elements of a discriminatory action claim." Maldonado v. George Weston Bakeries, 441 Fed. Appx. 808, 808-09 (2d Cir. Dec. 19, 2011) (summary order); see also Patane, 508 F.3d at 112 n. 3 (affirming dismissal where the plaintiff "failed to allege even the basic elements of a discriminatory action claim."); Jackson v. NYS Dept. of Labor, 709 F. Supp. 2d 218, 229 (S.D.N.Y. 2010), appeal dismissed, 431 Fed. Appx. 21 (2d Cir. June 15, 2011) (holding that although the plaintiff "need not allege each element of a prima facie claim to survive a motion to dismiss, * * * the facts alleged at the very least must indicate the possibility that she was discriminated against on the basis of [a protected characteristic].")

Since, *inter alia*, plaintiff fails to plead any facts to create a reasonable inference that any

7

of the challenged conduct by Duane Reade, i.e., the termination of plaintiff's employment or the failure to investigate plaintiff's claims of sexual harassment by a co-worker, was based upon a protected characteristic, the complaint fails to state a plausible discrimination claim against Duane Reade under either Title VII or the ADEA. Accordingly, plaintiff's federal discrimination claims against Duane Reade are *sua sponte* dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim for relief.

a. Leave to Amend

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that a party shall be given leave to amend "when justice so requires." Although, "[l]eave to amend [ ] may be properly denied for: 'undue delay, bad faith or dilatory motive on the part of the [plaintiff], repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.,'"Ruotolo v. City of New York, 514 F.3d 184, 191 (2d Cir. 2008) (quoting Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 229, 9 L. Ed. 2d 222 (1962)), "[a] *pro se* complaint should not be dismissed without the Court granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Nielsen v. Rabin, 746 F.3d 58 (2d Cir. 2014) (quotations and citations omitted); see also Grullon v. City of New Haven, 720 F.3d 133, 139-40 (2d Cir. 2013) (accord). Accordingly, plaintiff is granted leave to amend his federal discrimination claims against Duane Reade to cure the pleading deficiencies noted herein, **provided that any such amended complaint is filed <u>on or before June 11, 2014</u>, or the federal discrimination claims against Duane Reade will be deemed dismissed in their entirety with prejudice** The

8

amended complaint shall be clearly entitled "amended complaint" and bear only the docket number of the lead case, 14-cv-1717. No summons shall issue at this time.

2. Federal Discrimination Claims against Acharrya

Since there is no individual liability under Title VII or the ADEA, see Reynolds v. Barrett, 685 F.3d 193, 202 (2d Cir. 2012) ("Employers, not individuals, are liable under Title VII"); Lore v. City of Syracuse, 670 F. 3d 127, 169 (2d Cir. 2012) ("Title VII does not impose liability on individuals * * *"); Guerra v. Jones, 421 F. App'x 15, 17 (2d Cir. Apr. 28, 2011) (summary order) (holding that neither Title VII nor the ADEA "subjects individuals * * * to personal liability"), to the extent plaintiff asserts federal discrimination claims against Acharrya, those claims are *sua sponte* dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim for relief.

D. Supplemental Jurisdiction

Although the dismissal of state law claims is not required when the federal claims in an action are dismissed, a federal court may decline to exercise supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(c)(3). See Carlsbad Technology, Inc. v. HIF Bio, Inc., 556 U.S. 635, 129 S. Ct. 1862, 1866-1867, 173 L. Ed. 2d 843 (2009) (holding that a district court's decision whether to exercise supplemental jurisdiction after dismissing every claim over which it had original jurisdiction is purely discretionary); Pension Benefit, 712 F.3d at 726 ("It is a truism of federal civil procedure that in providing that a district court 'may' decline to exercise [supplemental] jurisdiction, § 1367(c) is permissive rather than mandatory." (quotations, brackets and citation omitted)). The court must "consider and weigh in each case, and at every stage of the

litigation, the values of judicial economy, convenience, fairness, and comity in order to decide whether to exercise jurisdiction" over the pendent state law claims. Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350, n. 7, 108 S. Ct. 614, 98 L. Ed. 2d 720 (1988);see also Lundy v. Catholic Health System of Long Island Inc, 711 F.3d 106, 117-18 (2d Cir. 2013) (accord). Generally, where all of the federal claims in an action are dismissed before trial, the balance of factors will favor declining to exercise supplemental jurisdiction over the remaining state law claims. See Cohill, 484 U.S. at 350 n. 7, 108 S. Ct. 614;Lundy, 711 F.3d at 118 ("Once all federal claims have been dismissed, the balance of factors will usually point toward a declination.");Brzak v. United Nations, 597 F.3d 107, 113-14 (2d Cir. 2010) ("[I]f a plaintiff's federal claims are dismissed before trial, the state claims should be dismissed as well.")

Insofar as the complaints can be read to assert claims against defendants under state law, in light of the dismissal of all federal claims in this action prior to service of summonses and the complaint upon defendants, and upon consideration of all relevant factors, i.e., judicial economy, convenience, fairness and comity, I decline to exercise supplemental jurisdiction over those claims. Accordingly, any state law claims are dismissed without prejudice pursuant to 28 U.S.C. § 1367(c)(3), **unless plaintiff files an amended complaint pleading a viable federal claim against defendants in accordance with this Order.**

III. Conclusion

For the reasons set forth above, plaintiff's application to proceed *in forma pauperis* is granted; the first and second actions are *sua sponte* consolidated pursuant to Rule 42(a) of the Federal Rules of Civil Procedure to proceed under the lead case, docket number 14-cv-1717; plaintiff's federal discrimination claims against Acharrya are *sua sponte* dismissed in their

entirety with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim for relief; plaintiff's federal discrimination claims against Duane Reade are *sua sponte* dismissed in their entirety without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim for relief, provided that plaintiff file an amended complaint against Duane Reade in accordance with this Order **on or before June 11, 2014**, or the federal discrimination claims against Duane Reade will be deemed dismissed in their entirety with prejudice; and any state law claims against defendants are dismissed in their entirety without prejudice pursuant to 28 U.S.C. § 1367(c)(3), unless plaintiff files an amended complaint pleading a viable federal claim against defendants in accordance with this Order.

The Clerk of the Court shall: (1) consolidate the first and second actions in accordance with this Order; (2) administratively close the second action under docket number 14-cv-2059; and, (3) pursuant to Rule 77(d)(1) of the Federal Rules of Civil Procedure, serve notice of entry of this Order upon plaintiff in accordance with Rule 5(b) of the Federal Rules of Civil Procedure and record such service on the docket.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

SO ORDERED.                               s/ Sandra J. Feuerstein

                                                           Sandra J. Feuerstein
                                                           United States District Judge

Dated:     May 8, 2014
             Central Islip, New York