UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
LAKARAM DAS,

                Plaintiff,

-against-

MEMORANDUM & ORDER
14-CV-1717(SJF)(WDW)

DUANE READE,

                Defendant.
-------------------------------------------------------------X
FEUERSTEIN, District Judge:

On March 10, 2014, *pro se* plaintiff Lakaram Das ("plaintiff") filed a complaint in this Court pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), as codified, 42 U.S.C. §§ 2000e to 2000e-17, and the Age Discrimination in Employment Act of 1967 ("ADEA"), as codified, 29 U.S.C. §§ 621-634, against his former employer, Duane Reade ("defendant"), which was assigned docket number 14-cv-1717 ("the first action"). On March 25, 2014, plaintiff filed a second complaint against Duane Reade and another defendant, Ramanan Acharrya ("Acharrya"),[1] which was assigned docket number 14-cv- 2059 ("the second action"). By Memorandum and Order dated May 8, 2014, *inter alia*, plaintiff's application to proceed *in forma pauperis* was granted; the first and second actions were *sua sponte* consolidated pursuant to Rule 42(a) of the Federal Rules of Civil Procedure to proceed under the lead case docket number, 14-cv-1717; plaintiff's federal discrimination claims against Acharrya were *sua sponte* dismissed in their entirety with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim for

---

[1] Accharrya is alleged to have been a co-worker with plaintiff during plaintiff's employment with Duane Reade. (*See* attachment to plaintiff's complaint in the second action at 5 [docket entry no. 1]).

1

relief; plaintiff's federal discrimination claims against Duane Reade were *sua sponte* dismissed in their entirety without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim for relief; plaintiff was granted leave to file an amended complaint against Duane Reade on or before June 11, 2014; and any state law claims asserted in the complaint were dismissed in their entirety without prejudice pursuant to 28 U.S.C. § 1367(c)(3), unless plaintiff filed an amended complaint pleading a viable federal claim in accordance with that Memorandum and Order. On May 16, 2014, plaintiff timely filed an amended complaint against defendant. For the reasons set forth below, plaintiff's federal claim against defendant is *sua sponte* dismissed in its entirety with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim for relief.

I.  The Amended Complaint

Plaintiff filed this Court's form "Amended Complaint for Employment Discrimination," but completed only the caption, docket number, parties' addresses, signature and date. In addition, in the section asking plaintiff to check all applicable "discriminatory conduct of which [he] complain[s] in this action," (Am. Compl., ¶ 4), plaintiff put a check mark next to "Other acts (specify)" and wrote "[s]exual harrasment [sic]." (Id.)[2]

Attached to the form amended complaint are two (2) handwritten pages. The first page reads in its entirety:

> " 5/14/14
>
> I am Sending this appeal 14-1717(SJF)(WDW) this is temporary
> untill [sic] I look for my attorrney [sic]. Duane reade [sic] [Signed

---

[2] Plaintiff did not put a check mark next to, *inter alia*, "[t]ermination of my employment" or "[u]nequal terms and conditions of my employment." (Amend. Compl., ¶ 4).

2

> Lakeram Das] I Lakeram Das
>
> ny [sic] state department of Labor
> Customer seRVice [sic]
> (888) 469-7365."

(Am. Compl. at 6).

The second page reads in its entirety:

> "I Lakeram Das, reside on 8 Gilbert Place in Amityville[,] New
> York. I must thank you for all of my cases. When I need help in
> the future I will remember you and recommend you to all my
> friends. I am writing because I need help with my last case. I told
> the Judge that my former co-workers of Duane Reade sexually
> harrassed [sic] me at work. My supervisor told the Judge that they
> were playing around with me. I then stated that I didn't like that
> and the Judge shouted at me. I believe that this matter requires a
> lawyer. If you could please pick this case up it would [be] greatly
> appreciated. I would like to request if you do pick up the case
> would you get the video surveillance footage of that day. Please
> call my daughter * * * at (XXX) XXX-XXXX[.]"[3]

(Am. Compl. at 7).


II. Discussion

    A.    Standard of Review

Under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

---

[3] Pursuant to Administrative Order 2004-9, the 2004 amendment to the E-Government Act 2002, the Court has redacted plaintiff's daughter's name and telephone number since it is unclear whether or not she is a minor.

3

It is axiomatic that district courts are required to read *pro se* complaints liberally, Erickson v. Pardus, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) (citation omitted), and to construe them "to raise the strongest arguments that they suggest." Gerstenbluth v. Credit Suisse Securities (USA) LLC, 728 F.3d 139, 142-43 (2d Cir. 2013) (quotations and citations omitted). Moreover, at the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. Kiobel v. Royal Dutch Petroleum Co., 621 F.3d 111, 124 (2d Cir. 2010), aff'd — U.S. —, 133 S. Ct. 1659, 185 L. Ed. 2d 671 (2013) (citing Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)).

Nevertheless, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949 (citations omitted).

While the plausibility standard "does not require detailed factual allegations," it "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678, 129 S. Ct. 1937. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. (quoting Twombly, 550 U.S. at 555, 127 S. Ct. 1955). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 557, 127 S. Ct. 1937); accord Pension Benefit Guar. Corp. ex rel. Saint Vincent Catholic Med. Ctr. Ret. Plan v. Morgan Stanley Inv. Mgmt. Inc., 712 F.3d 705, 717 (2d Cir. 2013).

B.  Federal Claim

Although plaintiff does not identify any federal law allegedly violated by defendant, the Court liberally construes the amended complaint as asserting a claim under Title VII, which prohibits an employer from discriminating against any individual with respect to "compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex or national origin." 42 U.S.C. § 2000e-2(a)(1).

"The *sine qua non* of a * * * discriminatory action claim under Title VII is that the discrimination must be *because of* [a protected characteristic]." Patane v. Clark, 508 F.3d 106, 112 (2d Cir. 2007) (emphasis in original) (quotations and citation omitted); see also Ricci v. DeStefano, 557 U.S. 557, 577, 129 S. Ct. 2658, 174 L. Ed. 2d 490 (2009) ("A disparate-treatment plaintiff must establish that the defendant had a discriminatory intent or motive for taking a job related action." (quotations and citation omitted)). "It is axiomatic that mistreatment at work . . . is actionable under Title VII only when it occurs because of an employee's * * * protected characteristic." Patane, 508 F.3d at 112 (quoting Brown v. Henderson, 257 F.3d 246, 252 (2d Cir. 2001)); see also Rivera v. Rochester Genesee Reg'l Transp. Auth., 743 F.3d 11, 20 (2d Cir. 2014) (accord). Although plaintiff is not required "to plead specific facts to show a *prima facie* case of discrimination * * * dismissal is nevertheless appropriate where the plaintiff failed to allege even the basic elements of a discriminatory action claim." Maldonado v. George Weston Bakeries, 441 F. App'x 808, 808-09 (2d Cir. Dec. 19, 2011) (summary order); see also Patane, 508 F.3d at 112 n. 3 (affirming dismissal where the plaintiff "failed to allege even the basic elements of a discriminatory action claim."); Jackson v. NYS Dep't of Labor, 709 F. Supp. 2d 218, 229 (S.D.N.Y. 2010), appeal dismissed, 431 F. App'x 21 (2d Cir. June 15, 2011) (holding

that although the plaintiff "need not allege each element of a prima facie claim to survive a motion to dismiss, * * * the facts alleged at the very least must indicate the possibility that she was discriminated against on the basis of [a protected characteristic].")

Since, *inter alia*, plaintiff fails to plead any facts from which it may reasonably be inferred that the supervisor's purported failure to investigate his claims of sexual harassment by a co-worker was based upon a protected characteristic, the amended complaint fails to state a plausible discrimination claim against defendant under Title VII. Accordingly, plaintiff's federal claim against defendant is *sua sponte* dismissed in its entirety pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim for relief.[4]

C. Leave to Amend

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that a party shall be given leave to amend "when justice so requires." Although, "[l]eave to amend [ ] may be properly denied for: 'undue delay, bad faith or dilatory motive on the part of the [plaintiff], repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.,'"Ruotolo v. City of New York, 514 F.3d 184, 191 (2d Cir. 2008) (quoting Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 229, 9 L. Ed. 2d 222 (1962)), "[a] *pro se* complaint should not be dismissed without the Court granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Nielsen v. Rabin, 746 F.3d 58, 62 (2d Cir. 2014) (quotations

---

[4] Since the amended complaint fails to plead a viable federal claim against defendant, any state law claims are dismissed without prejudice pursuant to 28 U.S.C. § 1367(c)(3) as set forth in the May 8, 2014 Memorandum and Order.

6

and citations omitted); see also Grullon v. City of New Haven, 720 F.3d 133, 139-40 (2d Cir. 2013) (accord). Since plaintiff has already been granted leave to amend his complaint, but failed to cure the pleading deficiencies identified in the Court's May 8, 2014 Memorandum and Order, leave to amend the amended complaint is denied.

III. Conclusion

For the reasons set forth above, plaintiff's federal claim in the amended complaint against defendant is *sua sponte* dismissed in its entirety with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim for relief. The Clerk of the Court shall close this case and, pursuant to Rule 77(d)(1) of the Federal Rules of Civil Procedure, serve notice of entry of this Order upon plaintiff in accordance with Rule 5(b) of the Federal Rules of Civil Procedure and record such service on the docket.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

SO ORDERED.                                  s/ Sandra J. Feuerstein

                                             Sandra J. Feuerstein
                                             United States District Judge

Dated:      October 22, 2014
            Central Islip, New York